Filed 8/16/16  P. v. Lockheart CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SANDY CLINTON LOCKHEART,<br><br>    Defendant and Appellant. | B269415<br><br>(Los Angeles County<br>Super. Ct. No. MA023906) |

APPEAL from an order of the Superior Court of Los Angeles County, Christopher G. Estes, Judge.  Affirmed.

Daniel Milchiker, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

## FACTUAL AND PROCEDURAL BACKGROUND

On October 8, 2003 a jury found Sandy Clinton Lockheart guilty of two counts of second degree robbery (Pen. Code,[1] § 211 (counts 1 & 2)) and two counts of assault with a semiautomatic firearm (§ 245, subd. (b) (counts 3 & 4)). The jury also found true the allegations that Lockheart had personally used a firearm (§§ 12022.5, subd. (a)(1), 12022.53, subd. (a)(4), 12022.53, subd. (b)) in connection with the crimes (a handgun in the robberies and a semiautomatic handgun in the other crimes). The court found true the allegation that Lockheart had served two prior prison terms for felonies (§ 667.5, subd. (b)).

On January 9, 2004 the trial court sentenced Lockheart to an aggregate state prison term of 24 years four months, consisting of the upper term of nine years for assault with a semiautomatic firearm (count 3) plus 10 years for the firearm-use enhancement under section 12022.5, subdivision (a)(1); and a consecutive term of two years (one-third the middle term of six years) for assault with a semiautomatic firearm (count 4), plus 16 months (one-third the middle term of four years) for the firearm-use enhancement under section 12022.5, subdivision (a)(1), plus two one-year terms for the prior prison term enhancements. The court stayed imposition of sentence on the remaining counts and enhancements pursuant to section 654.[2]

On August 12, 2015 the trial court granted Lockheart's application to reclassify his prior felony conviction for violating Health and Safety Code section 11377,

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Although the record does not include transcripts of the trial and the sentencing hearing, we have reviewed the record in case No. B173697, Lockheart's direct appeal. In that case we affirmed Lockheart's convictions for two counts of second degree robbery and two counts of assault with a semiautomatic weapon, and the imposition of the accompanying firearm-use and prior prison term enhancements. (*People v. Lockheart* (Sept. 12, 2005, B173697) [nonpub. opn.].)

subdivision (a), possession of a controlled substance, which is now a misdemeanor under Proposition 47, the Safe Neighborhoods and Schools Act (§ 1170.18).

On October 13, 2015 Lockheart made a motion for resentencing based on the August 12, 2015 order. According to Lockheart, when the court sentenced him in January 2004, the court considered his two prior felony convictions as aggravating factors justifying the imposition of the upper term on count 3, assault with a semiautomatic firearm. Lockheart argued that because one of those felonies, possession of a controlled substance, was now a misdemeanor, the court should vacate his sentence of 24 years four months and resentence him on count 3 to the middle term of six years. Lockheart also attached to his motion exhibits reflecting his participation in leadership, educational, and rehabilitative programs.

On October 28, 2015 the trial court deemed Lockheart's motion a petition for recall of his current felony sentence and a request for resentencing under Proposition 47. The court found Lockheart was ineligible for resentencing under Proposition 47, and denied the petition. The court acknowledged the positive steps Lockheart had made toward rehabilitation, but found no legal or factual basis to grant the relief he requested. Lockheart filed a timely notice of appeal from the order denying his petition for Proposition 47 relief.

## DISCUSSION

We appointed counsel to represent Lockheart on appeal. After examining the record, counsel filed an opening brief raising no issues. On April 1, 2016 we advised Lockheart he had 30 days to submit any arguments or raise any issues he wanted us to consider. We have not received a response.

We have examined the record and are satisfied appellate counsel for Lockheart has fully complied with his responsibilities and that there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.) The

3

trial court correctly ruled that assault with a semiautomatic firearm and robbery are not among the offenses for which a defendant may seek reclassification or resentencing pursuant to section 1170.18, subdivision (a).

**DISPOSITION**

The order is affirmed.


SEGAL, J.

We concur:


PERLUSS, P. J.


GARNETT, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.